IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEREK TODD,

    Plaintiff,                    No. 2:13-cv-0753 KJM KJN PS

    vs.

KEIRITH BRIESENICK, et al.

    Defendants.               ORDER AND
                                                FINDINGS AND RECOMMENDATIONS
_____/

        Plaintiff Derek Todd, who is proceeding without counsel, filed this action on April 18, 2013, alleging claims under 42 U.S.C. §§ 1983 and 1985 against defendants Lisa Rapalyea, several officers of the Davis Police Department, and several attorneys at the Yolo County District Attorney's Office, based on their alleged conspiracy to violate plaintiff's and his son's rights under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.  (Dkt. No. 1.)[1]  Plaintiff also filed an application to proceed without prepayment of fees, or in forma pauperis.  (Dkt. No. 3).

        Plaintiff's application in support of his request to proceed in forma pauperis makes the showing required by 28 U.S.C. § 1915(a)(1).  Accordingly, the undersigned grants plaintiff's request to proceed in forma pauperis.

---

[1] This case was referred to the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

1    The determination that a plaintiff may proceed in forma pauperis does not complete the required inquiry.  Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.  For the reasons discussed below, the court finds that plaintiff's action is duplicative of a previously-filed action and in any event fails to state a claim on which relief may be granted.  Accordingly, the court recommends that the action be dismissed with prejudice.

2    To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

3    Pro se pleadings are liberally construed.  See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).  Ordinarily, a pro se plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before dismissal.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir. 1984).

////

In this case, plaintiff's 50-page complaint, with an additional 421 pages of exhibits, alleges that defendant Lisa Rapalyea, a graduate student who lived in the same apartment complex as plaintiff, initially started tutoring plaintiff's teenage son in the Fall of 2009 without plaintiff's knowledge.  Although plaintiff eventually agreed to a tutoring arrangement in February 2010, he later withdrew his consent in June 2010, when he purportedly found defendant Rapalyea massaging his son's back, with his clothes on, during a tutoring session.  When defendant Rapalyea refused to sign a letter drafted by plaintiff, demanding that she stay away from his son, plaintiff contacted the Davis Police Department to have defendant Rapalyea investigated and prosecuted for several crimes, including sexual assault of a child and stalking.  Plaintiff states that defendant Rapalyea never obtained his consent to touch, massage, or perform physical therapy on his son.  (See generally Dkt. No. 1.)

Plaintiff's complaint and numerous police reports, attached to and referenced by plaintiff in his complaint, show that the Davis Police Department interviewed defendant Rapalyea and plaintiff's son.[2]  Defendant Rapalya stated that she had only touched plaintiff's son during a tutoring session when she inspected his knee upon his complaints of pain, given that she was a certified athletic trainer.  Defendant Rapalya also informed the Davis Police Department that the only other time she had touched plaintiff's son was when he had gotten a cramp in his hamstring at the apartment pool, and she had helped him stretch it out with many people present.  Both defendant Rapalya and plaintiff's son denied that the massage incident, which plaintiff allegedly witnessed, had occurred.  (Dkt. No. 1 at 12, 18-19; Dkt. No. 1-1 at 1-8, Ex. F.)

Plaintiff asserts that one of the Davis Police Department officers, defendant Paul Doroshov, initially indicated to plaintiff orally that he believed that defendant Rapalyea had

---

[2] In screening a complaint, as upon consideration of a motion to dismiss pursuant to Rule 12(b)(6), the court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899 (9th Cir. 2007) (citation and quotation marks omitted).

committed sexual harassment or sexual assault. However, after discussions with the Yolo County District Attorney's office, the police officers' reports ultimately stated that no crime had occurred. (Dkt. No. 1 at 12-13.) A letter from the Yolo County District Attorney's office, attached to and referenced in plaintiff's complaint, indicates that plaintiff's complaints were further reviewed by several prosecutors in that office, but that they ultimately concluded that there was insufficient evidence to show beyond a reasonable doubt that a crime was committed. (Dkt. No. 1 at 14; Dkt. No. 1-1 at 15-16, Ex. H.) One of the prosecutors, defendant Sean King, also noted, as plaintiff acknowledges in his complaint, that defendant Rapalyea had a restraining order against plaintiff, which the prosecutor opined would create an additional credibility issue for a jury. (Dkt. No. 1 at 13, 22; Dkt. No. 1-1 at 10, Ex. G.) Despite plaintiff's continued subsequent requests, the Davis Police Department declined to re-open the investigation. (Dkt. No. 1-3 at 155-56, Ex. Q.)

Based on these allegations, plaintiff claims that defendant Lisa Rapalyea conspired with the other defendants, the Davis Police Department officers and prosecutors from the Yolo County District Attorney's office, to deny protective services to plaintiff and his son in violation of their Fourteenth Amendment right to equal protection when the other defendants did not press charges against defendant Rapalyea for allegedly stalking and sexually assaulting plaintiff's son. Plaintiff further alleges that defendant Rapalyea appeared at plaintiff's child custody hearing, and that defendant Rapalyea and his son's mother lied to the police to have plaintiff unjustly arrested and convicted of assault against defendant Rapalyea. (Dkt. No. 1 at 9, 11, 38.)

As an initial matter, a review of the court's records reveals that the above-mentioned allegations are virtually identical to those contained in plaintiff's complaint filed in this court on April 3, 2012, in Derek Todd v. Keirith Briesenick, et al., 2:12-cv-856-MCE-GGH, Dkt. No. 1. That case was dismissed with prejudice on July 9, 2012. (Id., Dkt. Nos. 3, 5, 6.) After plaintiff filed a notice of appeal to the Ninth Circuit Court of Appeals, the district judge

revoked plaintiff's in forma pauperis status and certified, pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure, that the appeal was not taken in good faith, noting that the action was frivolous. (Id., Dkt. Nos. 7, 11.) The Ninth Circuit subsequently dismissed the appeal. (Id., Dkt. No. 12.)

Although the earlier case involved additional claims and also named the Davis Police Department and Yolo County as entity defendants, and even though plaintiff named additional Davis Police Department officers and individual prosecutors from the Yolo County District Attorney's office as defendants in the instant action, both actions are rooted in the same nexus of operative facts and involve Equal Protection Clause claims under 42 U.S.C. § 1983. Large portions of the complaint in the earlier case were simply copied and pasted into the complaint in this case. Thus, the action is duplicative of plaintiff's previously-filed action, at least with respect to defendants Lisa Rapalyea and officers Keirith Briesenick and Paul Doroshov, who are named as defendants and/or "real parties in interest" in both actions. Furthermore, if plaintiff truly believed that he had a legal basis to assert claims against additional defendants based on the facts alleged, the proper course of action would have been to seek appropriate relief in the prior action, such as by a motion to set aside the judgment and amend his complaint – not to file a new action.

In any event, plaintiff's complaint in this case also fails to state a claim for a violation of the Equal Protection Clause under 42 U.S.C. § 1983 for the same reasons articulated in the findings and recommendations, as adopted by the district judge, in the prior case. (See 2:12-cv-856-MCE-GGH, Dkt. No. 3 at 6-7, Dkt. No. 5.)

The United States Supreme Court has observed that "[t]he State may not . . . selectively deny its protective services to certain disfavored minorities without violating the Equal Protection Clause." DeShaney v. Winnebago Cnty. Dep't of Soc. Servs., 489 U.S. 189, 197 n.3 (1989); see also Elliot-Park v. Manglona, 592 F.3d 1003, 1006-07 (9th Cir. 2010) (stating that although law enforcement "officers' discretion in deciding whom to arrest is

certainly broad, it cannot be exercised in a racially discriminatory fashion"). "To state a § 1983 claim for violation of the Equal Protection Clause a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." Thornton v. City of St. Helens, 425 F.3d 1158, 1166 (9th Cir. 2005) (citation and quotation marks omitted); see also Engquist v. Ore. Dep't of Agric., 553 U.S. 591, 601 (2008) ("Our equal protection jurisprudence has typically been concerned with governmental classifications that affect some groups of citizens differently than others.") (citation and quotation marks omitted). The first step in equal protection analysis is to identify the defendants' classification of groups, and the "groups must be comprised of similarly situated persons so that the factor motivating the alleged discrimination can be identified." Thornton, 425 F.3d at 1166-67.

Additionally, a plaintiff may assert what has been called a "class of one" equal protection claim, which may generally lie where an individual has been irrationally singled out for discrimination by the government. See Engquist, 553 U.S. at 601 (noting that "an equal protection claim can in some circumstances be sustained even if the plaintiff has not alleged class-based discrimination, but instead claims that she has been irrationally singled out as a so-called 'class of one'"); accord Vill. of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (per curiam); N. Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008). To succeed on a "class of one" claim, a plaintiff must demonstrate that the government intentionally treated the plaintiff differently than other similarly situated people and without a rational basis for doing so. See Gerhart v. Lake County, Mont., 637 F.3d 1013, 1021 (9th Cir. 2011).

Here, plaintiff's complaint posits several purported reasons why defendants allegedly discriminated against plaintiff and his son by denying their protective services: (1) plaintiff was on a fixed income because he had a disability and defendants knew that he could not afford legal representation; (2) defendants' knowledge of plaintiff's prior convictions of assault against defendant Rapalyea and for disobeying an officer; (3) defendants' knowledge of child

6

abuse allegations by defendant Rapalyea and plaintiff's son's mother in plaintiff's custody case; (4) the fact that plaintiff's son's mother was a Tehama County Superior Court clerk; (5) the fact that plaintiff's son's grandfather was a retired police officer; and (6) the fact that defendant Rapalyea was a U.C. Davis PhD graduate. (Dkt. No. 1 at 37-41.)

Whether construed as alleging some type of class-based discrimination based on disability and/or indigence, or "class of one" discrimination based on prior child abuse allegations, prior convictions, or the status of certain other individuals, plaintiff's allegations are entirely speculative and conclusory. Plaintiff does not identify any statements, actions, or conduct by defendants, other than their alleged failure to properly investigate and charge defendant Rapalyea with crimes, which plausibly suggest that defendants intentionally or purposefully discriminated against plaintiff based on his membership in any protected class, or that they otherwise intentionally singled out plaintiff for disparate treatment. To the contrary, plaintiff's complaint, as well as the police reports and letters from the Yolo County District Attorney's office attached to and referenced in the complaint, show that defendants investigated and reviewed plaintiff's claims, but that their stated reasons for declining to press charges were insufficient evidence of a crime and potential jury credibility issues arising from a restraining order that defendant Rapalyea had previously obtained against plaintiff.

Furthermore, plaintiff fails to allege any facts demonstrating differential treatment of others similarly situated. For example, plaintiff does not provide specific facts, beyond mere speculation, supporting his claims that defendants treated him differently from similarly situated persons who were not disabled, not indigent, etc. Plaintiff's reliance in his complaint on Elliot-Park is misplaced, because in that case the plaintiff specifically alleged that police officers of Micronesian descent failed to investigate her car accident with an obviously drunk Micronesian driver because the plaintiff was Korean, whereas the police officers investigated another drunk driving incident occurring on the same evening with a Micronesian victim and a non-Micronesian drunk driver. Elliot-Park, 592 F.3d at 1005-06; see also Gerhart, 637 F.3d at 1015

(involving a "class of one" equal protection claim based on denial of a permit for a road approach where at least ten other property owners on the block had previously built unpermitted approaches without consequence, and an outright denial of a permit was rare, if not unprecedented).

As noted above, a court cannot "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); see also Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 683 (9th Cir. 2009) ("Plaintiffs' general statement that Wal-Mart exercised control over their day-to-day employment is a conclusion, not a factual allegation stated with any specificity. We need not accept Plaintiffs' unwarranted conclusion in reviewing a motion to dismiss.") For these reasons, plaintiff's complaint fails to state a claim against defendants for violation of the Equal Protection Clause under 42 U.S.C. § 1983.

Plaintiff's complaint also fails to state a claim for conspiracy under 42 U.S.C. § 1985. "To state a claim for conspiracy to violate constitutional rights, the plaintiff must state specific facts to support the existence of the claimed conspiracy." Olsen v. Idaho State Bd. of Medicine, 363 F.3d 916, 929 (9th Cir. 2004). Furthermore, "to state a claim for conspiracy under § 1985, a plaintiff must first have a cognizable claim under § 1983." Id. at 930. For the reasons discussed above, plaintiff's complaint does not state a cognizable claim under section 1983, and his complaint fails to allege any specific facts suggesting that the police officer or prosecutor defendants conspired, or formed any type of agreement, with defendant Rapalyea.

As such, plaintiff's claims under both 42 U.S.C. §§ 1983 & 1985 are subject to dismissal. Even though the court is cognizant of the need to construe plaintiff's complaint liberally and to provide plaintiff with an opportunity to cure deficiencies if it appears possible that plaintiff could do so, the court finds that further leave to amend in this case is inappropriate.

As previously discussed, this action is largely duplicative of the above-mentioned prior action filed in this court, which was based on the same nexus of operative facts and also

involved Equal Protection Clause claims under 42 U.S.C. § 1983. In dismissing that case on the merits, the court specifically cited to the relevant case law regarding Equal Protection Clause claims under 42 U.S.C. § 1983, including the law regarding class-based claims and class-of-one claims, and pointed to the deficiencies of plaintiff's pleading in that case. Thereafter, plaintiff simply re-asserted his deficient claims based on the same facts in this new action.

The court's records show that plaintiff is a frequent filer in this court, who has filed numerous actions involving various parties related to his child custody disputes, including judges, mediators, social workers, and defendant Rapalyea. For example, on March 21, 2012, plaintiff filed another action in this court, which involved remarkably similar Equal Protection claims against officers of the Solano County Sheriff's Department based on their purported failure to charge, among other individuals, defendant Rapalyea and plaintiff's son's mother with various crimes. See 2:12-cv-708-MCE-KJN.[3] In that case, the court screened plaintiff's complaint, outlining the above-mentioned law regarding Equal Protection claims and pointing to the deficiencies of plaintiff's pleading, and initially granted plaintiff leave to amend. (Id., Dkt. Nos. 3, 5.) Upon the defendants' subsequent motion to dismiss, plaintiff's claims were ultimately dismissed with prejudice on December 5, 2012, based on the same deficiencies noted in the screening order. (Id., Dkt. Nos. 22, 25, 26.) Indeed, in that case, as in the instant case, plaintiff alleged in conclusory fashion that the defendants discriminated against him on the basis of disability, indigence, allegations of child abuse, prior convictions, the fact that plaintiff's son's grandfather was a police officer, etc. (Id., Dkt. No. 8 at 20-22.)

In light of the above, it is evident that plaintiff, unlike the typical pro se litigant who for the first time files a complaint in an unfamiliar area of law, has already been provided

---

[3] See, also, e.g., 2:11-cv-2346-LKK-DAD (involving state court judge); 2:11-cv-2598-GEB-JFM (involving state court judge); 2:12-cv-470-JAM-GGH (involving social worker); 2:12-cv-1379-MCE-GGH (involving state court judge); 2:12-cv-1768-JAM-GGH (involving court-appointed mediator). It is well-established that a court can take judicial notice of its own records. Chandler v. United States, 378 F.2d 906, 909 (9th Cir. 1967); Stamas v. Cnty. of Madera, 795 F. Supp. 2d 1047, 1061 (E.D. Cal. 2011).

with fair notice of the requirements to plead a cognizable Equal Protection Clause claim on several occasions, but has failed to conform to these requirements or plead any more than conclusory allegations with unwarranted inferences.  Accordingly, further leave to amend would be futile.  See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

For the foregoing reasons, IT IS HEREBY ORDERED that plaintiff's request to proceed in forma pauperis (dkt. no. 3) is GRANTED.

IT IS ALSO HEREBY RECOMMENDED that:

1. The action be DISMISSED WITH PREJUDICE.

2. The Clerk of Court be directed to close this case and vacate all dates.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED AND RECOMMENDED.

DATED:  May 15, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE