IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEREK TODD,

    Plaintiff,                 No. 2:13-cv-0753 KJM KJN PS

    vs.

KEIRITH BRIESENICK, et al.

    Defendants.               <u>ORDER</u>

        /

        Plaintiff Derek Todd, who is proceeding without counsel and in forma pauperis, filed this action on April 18, 2013, alleging claims under 42 U.S.C. §§ 1983 and 1985 against defendants Lisa Rapalyea, several officers of the Davis Police Department, and several attorneys at the Yolo County District Attorney's Office, based on their alleged conspiracy to violate plaintiff's and his son's rights under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. (ECF No. 1.)[1]

        On May 16, 2013, the court issued findings and recommendations recommending that the action be dismissed with prejudice. (ECF No. 4.) For the reasons outlined in those findings and recommendations, the court found that the action is largely duplicative of a prior action, at least with respect to some defendants and the nexus of operative facts, and that in any

---

[1] This case was referred to the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

1  event plaintiff's complaint failed to state a claim on which relief may be granted.  (Id.)
2  Thereafter, on May 22, 2013, plaintiff filed objections to the findings and recommendations,
3  which remain pending before the district judge.  (ECF No. 5.)

4        Presently pending before the court is plaintiff's "motion to allow late discovery."
5  (ECF No. 6.)  It is not exactly clear what form of discovery plaintiff seeks, but plaintiff appears
6  to request leave to conduct some type of discovery regarding additional California Penal Code
7  violations that defendant Briesenick and others allegedly committed.

8        Although plaintiff styles the request as one for late discovery, it is technically a
9  request for early discovery, because parties generally may not commence formal discovery until
10 after the parties have conducted a discovery conference under Federal Rule of Civil Procedure
11 26(f), absent a court order upon a showing of good cause.  Fed. R. Civ. P. 26(d)(1); Semitool,
12 Inc. v. Tokyo Electron America, Inc., 208 F.R.D. 273, 276 (N.D. Cal. 2002).  Here, because the
13 court has recommended dismissal of the case and did not order the complaint to be served on
14 defendants, no Rule 26(f) conference has taken place.  Furthermore, in light of the court's
15 findings that the present action is duplicative and/or fails to state a claim on which relief may be
16 granted, good cause does not exist to permit early discovery.  Moreover, the proposed discovery
17 regarding alleged California Penal Code violations appears to be irrelevant, because plaintiff
18 would have no standing as a private plaintiff to prosecute alleged criminal violations against any
19 of the defendants.

20       For the foregoing reasons, IT IS HEREBY ORDERED that:
21       1.  Plaintiff's "motion to allow late discovery" (ECF No. 6) is DENIED.
22       2.  Any discovery in this matter is stayed pending final resolution of the findings
23 ////
24 ////
25 ////
26

1 and recommendations by the district judge.

2         IT IS SO ORDERED.

3 DATED: June 10, 2013

                                       KENDALL J. NEWMAN
                                       UNITED STATES MAGISTRATE JUDGE